IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| ASHLEY SINGLETON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No.: 3:20-cv-920-SMD |
| | ) |
| KILOLO KIJAKAZI,[1] | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

On August 16, 2021, the Commissioner filed an Unopposed Motion for Entry of Judgment with Remand. *Comm'r's Mot.* (Doc. 18). The Commissioner requests that the Court reverse the Commissioner's decision and remand this case pursuant to sentence four of 42 U.S.C. § 405(g). *Id.* p. 1. The Commissioner states that, on remand, the Commissioner shall reevaluate the evidence of record and, specifically, "obtain supplemental vocational expert testimony," "identify and resolve any conflicts between the occupational evidence provided by the vocational expert and the information in the Dictionary of Occupational Titles," "offer Plaintiff an opportunity for a hearing[.]" *Comm'r's Br.* (Doc. 19) p. 2. Further, the Commissioner shall "take any further action to complete the administrative record" and "issue a new decision." *Id.*

---

[1] Kilolo Kijakazi, the acting Commissioner of the Social Security Administration, is substituted for Andrew Saul as Defendant in his official capacity in this action. *See* FED. R. CIV. P. 25(d)(1).

Sentence four of 42 U.S.C. § 405(g) authorizes the district court to "enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). The district court may remand a case to the Commissioner for a rehearing if the court finds "either . . . the decision is not supported by substantial evidence, or . . . the Commissioner or the ALJ incorrectly applied the law relevant to the disability claim." *Jackson v. Chater*, 99 F.3d 1086, 1092 (11th Cir. 1996).

In this case, the Court finds reversal and remand necessary as the Commissioner concedes reconsideration and further administrative actions are necessary. Furthermore, Plaintiff does not oppose the motion. Accordingly, it is

ORDERED that the Commissioner's Unopposed Motion for Entry of Judgment Under Sentence Four of 42 U.S.C. § 405(g) (Doc. 18) is GRANTED. It is further

ORDERED AND ADJUDGED that the decision of the Commissioner is hereby REVERSED and this case be and is hereby REMANDED to the Commissioner for further proceedings. Finally, it is

ORDERED that, in accordance with *Bergen v. Comm'r of Soc. Sec.,* 454 F.3d 1273, 1278 n.2 (11th Cir. 2006), Plaintiff shall have **ninety (90)** days after she receives notice of any amount of past due benefits awarded to seek attorney's fees under 42 U.S.C.§ 406(b). *See also Blitch v. Astrue,* 261 F. App'x 241, 241 n.1 (11th Cir. 2008).

Done this 8th day of September, 2021.

_____
Stephen M. Doyle
CHIEF U.S. MAGISTRATE JUDGE